DA 10-0261

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 25N

SHERRI ROBERTS,

      Petitioner and Appellant,

    v.

LAME DEER SCHOOL DISTRICT #6 BOARD
OF TRUSTEES and BERTHA OTHERBULL,
JUNE BEARTUSK, ROSEANNE HEADSWIFT,
MARILYN HAYES, MARY ANN FARRIS
SATTLER, BETTY ROGERS, GEORGE
SCALPCANE, WINSLOW WHITECRANE,
DAN LANTIS SUPERINTENDENT OF LAME
DEER SCHOOL DISTRICT,

      Respondents and Appellees.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                 In and For the County of Rosebud, Cause No. DV 2009-44
                 Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Sherri Roberts (self-represented), Lame Deer, Montana

      For Appellees:

          Jeffrey A. Weldon, Felt, Martin, Frazier & Weldon, P.C., Billings, Montana

                    Submitted on Briefs:  January 26, 2011
                               Decided:  February 16, 2011

Filed:

_____
                             Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited as precedent.

¶2      On October 15, 2009, Plaintiff Sherri Roberts (Roberts) filed a complaint against the above captioned Defendants for allegedly violating public bidding statutes.  The clerk of court issued a summons the same day.  Roberts mailed a copy of her complaint and summons to Defendants, but did not include a notice and acknowledgment of service.  Defendants did not acknowledge service.  Defendants filed a motion to dismiss the case for failure to properly serve.

¶3      On November 9, 2009, Roberts moved for summary judgment.  With her motion, she included a response to Defendants' motion to dismiss and affidavits detailing her attempts to serve Defendants.  Roberts' affidavit indicates she mailed the summons and complaint to the individual Defendants.  The affidavit of Doreen Limberhand indicates she attempted to personally serve one board member, who refused service, and another who accepted service.  The Limberhand affidavit did not contain any details of service, such as the time, date, place, and manner of service.

¶4      The District Court granted Defendants' motion to dismiss on May 6, 2010, finding Roberts failed to properly serve any defendants, "even after being put on notice as to the lack of personal service."  Roberts appeals.  We affirm.

¶5 Roberts argues the Defendants were properly served and that the District Court erred by failing to rule on her motion for summary judgment. Defendants argue they were not properly served, thus the District Court lacked jurisdiction.

¶6 We review a district court's conclusions of law regarding personal jurisdiction for correctness. *Semenza v. Kniss*, 2005 MT 268, ¶ 9, 329 Mont. 115, 122 P.3d 1203. Rules for service of process are mandatory and must be strictly followed. If service of process is flawed, the court has no jurisdiction over the party. *Id*. at ¶ 18. Knowledge of the action is not a substitute for valid service. *Fonk v. Ulsher*, 260 Mont. 379, 383-84, 860 P.2d 145, 147 (1993).

¶7 Service upon an individual may be accomplished by sending the individual the complaint and summons, together with two copies of a notice and acknowledgment conforming substantially to form 18-A and a return envelope, postage prepaid, addressed to the sender. M. R. Civ. P. 4D(1)(b). However, service is not complete unless the individual acknowledges service. *Id*. If there is no acknowledgment of service, the individual must be personally served. *Id*. Personal service upon an individual may be accomplished by personally delivering the summons and complaint together. M. R. Civ. P. 4D(2)(a). Service upon a school district must be made personally by delivering a copy of the summons and complaint to any board member or trustee. M. R. Civ. P. 4D(2)(g).

¶8 Proof of service must include the time, date, place, and manner of service. M. R. Civ. P. 4D(8). Further, the affidavit of service must state that the person so serving is of legal age, the date and place of making service, and that the person making service knew the

3

person served to be the person named in the papers served and the person intended to be served. M. R. Civ. P. 4D(9).

¶9 If a party's initial response to the complaint raises a personal jurisdiction issue, such as improper service, that party is not subject to the general power of the court solely because of the response. *Semenza*, ¶ 17.

¶10 The legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's dismissal of Roberts' complaint for improper service. The District Court did not have jurisdiction over Defendants. Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE

4